UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL DAUGHERTY,**

    **Plaintiff,**

                                **Civil Action 2:10-cv-01069**
**v.**                                     **Judge Peter C. Economus**
                                **Magistrate Judge E.A. Preston Deavers**

**WARDEN DEBORAH**
**TIMMERMAN-COOPER,** *et al.***,**

    **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Motion of Defendants Curtis Wingard, Stanley Taylor, and Mike Mickle to Dismiss (ECF No. 10). The moving Defendants maintain that Plaintiff has failed to state a claim for which relief can be granted and has failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion and **DISMISS** Defendants Curtis Wingard, Stanley Taylor, and Mike Mickle.

### I.  BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, brings this action against the moving Defendants, who are state employees working for the Ohio Department of Rehabilitation ("ODRC") at the London Correctional Institute ("LOCI"), alleging that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim is based on the conditions of his confinement. Specifically, Plaintiff maintains that following a verbal altercation with Defendant Taylor, he was placed into a cell with two other inmates and forced to sleep on a mattress that was placed directly on a concrete floor for a

ten day period.  Plaintiff maintains that the above circumstances represented inhumane and intolerable living conditions.  He contends that the special housing units to which the prison personnel assigned him were designed only for "double celling" inmates.  Plaintiff further asserts that his 65 square foot cell, which he shared with two other inmates, failed to meet the space requirement standards set forth by the American Correctional Association ("ACA").

Additionally, Plaintiff maintains that while sleeping on a mattress on the floor he developed arthritis in his back.  According to Plaintiff, this led to back spasms that lasted four days.  Plaintiff asserts that although he requested to see a nurse for his back pain on multiple occasions, the corrections officer on duty refused to call for medical assistance.

Plaintiff contends that Defendants intentionally caused the conditions that led to the alleged constitutional violations.  Plaintiff seeks declaratory and injunctive relief to prevent prison officials from "triple celling" inmates and forcing one of those inmates to sleep on the floor.  Furthermore, he seeks monetary damages related to his back pain.

As noted above, Defendants Wingard, Taylor, and Mickle (collectively Defendants) have moved to dismiss Plaitniff's Complaint.  Defendants maintain that Plaintiff has failed to state a claim against them with regard to both his conditions of confinement and medical indifference claims.  Defendants further assert that Plaintiff has failed to fully exhaust his administrative remedies.  Plaintiff opposes Defendants' Motion to Dismiss on both grounds.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require " 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,' " is insufficient. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally, and in this case has done so. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III. ANALYSIS

Plaintiff who in addition to the moving Defendants brings claims against Deborah Timmerman-Cooper, the Warden of LOCI, and Ernie Moore, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"),[1] does not identify whether he is bringing his claims against Defendants in their official or individual capacities. Because

---

[1] Defendants Timmerman-Cooper and Moore have answered Plaintiff's Complaint.

Plaintiff seeks monetary damages,[2] the undersigned will assume, for the purposes of the foregoing analysis, that Plaintiff is attempting to hold Defendants liable in their individual capacities. The undersigned will also consider whether Plaintiff states a sufficient claim for injunctive relief against the moving Defendants in their official capacities.

A.  Individual Capacity Claims

    1.  Non-Medical Conditions of Confinement Claims

        a.  Applicable Law

Within his Complaint, Plaintiff's primary claim is that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in a 65 square foot cell with two other inmates and forcing him to sleep on mattress upon a concrete floor. Regardless of whether Plaintiff appropriately brings these claims against the moving Defendants,[3] the undersigned finds that Plaintiff has failed to plead sufficient facts to state a claim for relief on these grounds.

---

[2] Defendants, as state employees, would be immune from a suit for monetary damages because "the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Because the undersigned ultimately concludes that Plaintiff has failed to state individual claims against the moving Defendants, it is unnecessary to decide whether Plaintiff's Complaint gives proper notice of an intent to hold Defendants individually liable. *See id.* ("[W]e employ a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice.")

[3] As noted above, Defendants maintain that Plaintiff has failed to exhaust his administrative remedies as required pursuant to 42 U.S.C. § 1997e. Plaintiff, on the other hand, contends in part that his failure to exhaust should be excused because prison staff failed to give him access to the appropriate grievance materials. Nevertheless, because the undersigned ultimately concludes that Plaintiff fails to state claims against the moving Defendants, it is unnecessary to reach this issue.

As the Supreme Court has noted, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Consequently, prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations omitted).

Furthermore, the United States Court of Appeals for the Sixth Circuit has specifically provided:

> An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." [*Farmer*, 511 U.S. at 834] (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006).  Finally, to state a viable conditions of confinement claim "extreme deprivations are required . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

In *Rhodes*, the Supreme Court addressed an allegation of overcrowding based on the double celling of inmates within a 63 square foot cell.  452 U.S. at 339–41.  The district court below had found that such conditions were unconstitutional citing, the inmates long terms of imprisonment; the fact the prison housed more inmates than its design capacity; studies that suggested that inmates be given greater living space; the fact that the inmates spent most of their time in their cells; and the fact that the condition was not temporary.  *Id.* at 348.  The Supreme

Court found that the conditions in question were not enough to constitute cruel and unusual punishment. *Id.* at 347. The Court emphasized that the overcrowding did not lead to a deprivation of other basic needs; did not increase violence among inmates; and that the conditions did not "inflict[] unnecessary or wanton pain [and were not] grossly disproportionate to the severity of crimes warranting imprisonment." *Id.* at 348–49.[4]

Since *Rhodes*, numerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim. *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003) ("[D]ouble-celling, by itself, does not violate the Eighth Amendment. . . . Nor did [the plaintiff] allege that he was denied basic human needs such as food, warmth, or sanitation by virtue of the allegedly overcrowded conditions."); *Davis v. Strickland*, No. 2:09-CV-015, 2009 WL 2998980, at *3 (S.D. Ohio Sept. 15, 2009) (following *Rhodes* in holding that double-celling, standing alone, was not a violation of the Eighth Amendment); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993) ("Finally, it is well established that 'double or triple celling of inmates is not per se unconstitutional.' ") (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)); *McCree v. Sherrod*, No. 09-cv-601, 2010 WL 850117, at *2 (S.D. Ill. Mar. 5, 2010) ("Although the Supreme Court has not yet spoken on the issue of triple-celling, at least two Courts of Appeal have done so, concluding that triple-celling is not per se unconstitutional."); *see also Krause v. Leonard*, 352 F. App'x 933, 936 n.10 (5th Cir. 2009) ("[The inmate] has not presented any

---

[4] Last month the United States Supreme Court issued a decision regarding overcrowding in California prisons. *Brown v. Plata*, No. 09–1233, 2011 WL 1936074 (May 23, 2011). This case concerned a three-judge District Court order to reduce the State's prison population to remedy ongoing constitutional violations. *See id.* at 6. The undersigned has reviewed this case and finds that it does not alter the constitutional "overcrowding" analysis in this case.

evidence that putting three men in a two-person cell inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment.") (internal quotation and citation omitted).

Various courts have also considered the constitutional implications of forcing a prisoner to sleep on a mattress resting upon the floor. For example, the United States Court of Appeals for the Sixth Circuit has noted that being forced to sleep in a cold cell on a mattress on the floor in a cell regularly sprayed with insecticides for a six day period "does not rise to the level of a constitutional violation." *Wells v. Jefferson Cnty. Sheriff Dept.*, 35 F. App'x 142, 143 (6th Cir. 2002) (citing *Walker v. Mintzes*, 771 F.2d 920, 925-26 (6th Cir. 1985)); *see also Grissom v. Davis*, 55 F. App'x 756, 757–58 (6th Cir. 2003) (holding that a plaintiff put on "mattress restriction" failed to state a claim absent allegations that the restriction "deprived her of basic human needs or caused her to suffer serious harm"); *Myrick v. Buchanan*, 929 F.2d 701, 1991 WL 43926, at *1 (6th Cir. 1991) (table) (finding that Plaintiff's "unpleasant experiences" over a seventeen day period which included "sleeping on a mattress on the floor" did not amount to an Eighth Amendment violation). Other federal courts to reach the issue have also indicated that forcing a sentenced inmate to sleep on a mattress on the floor, without further deprivations, does not generally amount to a constitutional violation. *See, e.g., Lindsey v. Shaffer*, No. 10–4139, 2011 WL 477739, at *1 (3rd Cir. 2011) (finding that being required to sleep on a mattress on the floor was not an Eighth Amendment violation); *Blackwell v. Selig*, 26 F. App'x 591, 592 (8th Cir. 2001) (holding, in part, that "sleeping on the floor on a four-inch thick mattress for five nights did not amount to an unconstitutional condition of confinement"); *Chavis v. Fairman*, 51 F.3d 275, 1995 WL 156599, at *4 (7th Cir. Apr. 6, 1995) (table) (finding that a plaintiff who objected to sleeping on a mattress on a floor failed to state a constitutional claim).

7

Finally, Plaintiff contends that the Court must consider the prison conditions in combination to determine whether Defendants have violated his Eighth Amendment rights. It is true that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Nevertheless, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

  2. <u>Application</u>

The undersigned finds that Plaintiff, at least with regard to the moving Defendants, has failed to state sufficient facts to plead a facially plausible claim with respect to his allegations related to his non-medical conditions of confinement. To the extent Plaintiff maintains that the Defendants actions of triple celling him and forcing him to sleep on a mattress resting upon the floor violated his constitutional rights, apart from the alleged medical indifference he later experienced, the Court disagrees.

Neither of the conditions Plaintiff emphasizes generally amount to an Eighth Amendment violation, alone or in combination, without further indication of deprivation. Within his Complaint, Plaintiff cites that the cell he was placed in was designed for double celling and that the relevant cell does not meet the minimum standards set forth by the ACA. (Compl. ¶¶ 5–6, ECF No. 3.) The Supreme Court in *Rhodes*, however, found similar types of factors insufficient as grounds for an overcrowding claim under the Eighth Amendment. *See* 452 U.S. at 348. Although this case does involve triple celling, as opposed to double celling, Plaintiff still fails to

8

allege that overcrowding has led to a deprivation of other basic needs.[5]  Furthermore, Plaintiff admits that the conditions he complains of lasted only for a temporary ten day period.  (Compl. ¶¶ 2–3, ECF No. 3.)  Although the combination of triple celling and being forced to sleep on a mattress on the floor may, under certain circumstances, lead to the deprivation of a identifiable human need, the facts Plaintiff has pled do not indicate that has happened in this case.  *Cf. Hubbard v. Taylor*, 538 F.3d 229, 234–36 (3rd Cir. 2008) (holding that although pretrial detainees were triple celled and forced to sleep on a mattress on the floor for a period of three to seven months, these conditions did not amount "to genuine privations and hardship over an extended period of time for purposes of their due process claim").  Plaintiff, therefore, has failed to demonstrate that the deprivations alleged were objectively, sufficiently serious to warrant relief.

Plaintiff also fails to demonstrate with sufficient factual detail that Defendants' state of mind was one of deliberate indifference.  The Court acknowledges that Plaintiff has alleged that he suffered at least some harm resulting from being forced to sleep on a floor mattress.  In particular, Plaintiff maintains that as a result of sleeping on a floor mattress he developed arthritis in his lower back and developed back spasms which lasted four days.  (Compl. ¶ 3, ECF No. 3.)  Even assuming that, because of this harm, Plaintiff's non-medical claims meet the objective component of a conditions of confinement claim, he still fails to provide sufficient factual detail with regards to the subjective component.  Specifically, Plaintiff does not plead

---

[5] Plaintiff alleges that at least one prison official ignored his request for medical care. Plaintiff, however, does not provide any facts indicating that the alleged failure to provide medical care was a result of overcrowding.  Rather, it appears that this alleged indifference was the result of a prison official refusing to relay Plaintiff's complaints of back pain.  Regardless, the Court will address Plaintiff's allegations of deliberate indifference to his medical needs below.

sufficient facts to indicate that the moving Defendants were in any way aware that the practice of forcing him to sleep on a mattress on the floor caused him to suffer back pain. Rather, Plaintiff makes only the brief and conclusory assertion that Defendants intentionally caused him to be subjected to inhumane treatment. *See Iqbal*, 129 S.Ct. at 1954 (indicating that while a plaintiff was not required to plead a person's state of mind with particularity, the standards of Rule 8 still apply); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (requiring that "pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind"). Accordingly, Plaintiff has failed to plead sufficient facts for the Court to reasonably infer that the moving Defendants' state of mind was one of deliberate indifference towards him.

    2.    <u>Medical Indifference Claim</u>

        a.    <u>Applicable Law</u>

Plaintiff also alleges facts that raise an issue as to whether these Defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment prohibits prison employees from inflicting pain "on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Blackmore v. Kalamazoo Cnty*, 390 F.3d 890, 895 (6th Cir. 2004) (internal quotations omitted)). A claim for deliberate indifference to a serious medical need contains both objective and subjective elements. *Id.* "The objective component requires the existence of a 'sufficiently serious' medical need." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective element requires 'an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Blackmore*, 390 F.3d at 895 (internal quotations omitted)).

b.     Application

In this case, Plaintiff contends that he developed arthritis which resulted in back pain and back spasms. (Compl. ¶ 3, ECF No. 3.) He further maintains that he made two requests to a corrections officer in his housing unit to see a nurse with regards to his back problems. (*Id.* at ¶ 4.) Plaintiff asserts that the corrections officer refused his request on both occasions. (*Id.*)

Although the above facts may state a cognizable claim for medical indifference, Plaintiff has failed to plead sufficient facts to state a claim against the moving Defendants in their individual capacities. As the United States Court of Appeals for the Sixth Circuit has noted, "[a]llegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute 'only for their own unconstitutional behavior.' " *Colvin v. Caruso*, 605 F.3d 282, 291 (6th Cir. 2010) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Accordingly, a plaintiff must show that the individual defendant " 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.' " *Id.* (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)). Here, Plaintiff has failed to plead any facts suggesting that any of the moving Defendants were involved in any way with the alleged refusal of medical care. Accordingly, Plaintiff has failed to state an individual capacity claim against the moving Defendants on these grounds.

B.  Official Capacity Claims

1.     Applicable Law

In addition to monetary damages, Plaintiff also seeks a declaration that Defendants have violated his Eighth Amendment rights as well as an injunction preventing Defendants from triple

11

celling him and requiring him to sleep on a mattress on the floor in the future.[6] The Eleventh Amendment generally bars § 1983 suits against a state official in his or her official capacity.[7] *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Nevertheless, "[o]ne exception applies when a state official is sued in his official capacity for purely injunctive relief." *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). This exception is known generally as the *Ex Parte Young* doctrine.

In deciding whether the *Ex parte Young* doctrine applies, the Court performs a straightforward inquiry "consider[ing] 'whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Id.* (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). The United States Court of Appeals for the Sixth Circuit has emphasized that a plaintiff must allege an ongoing violation of federal law to satisfy this inquiry. *Creusere v. Weaver*, No. 07-5859, 2009 WL 170667, at *4 (6th Cir. Jan. 26, 2009) (holding that a plaintiff did not satisfy the requirements of *Ex parte Young* "because he has failed to allege an ongoing violation of federal law."); *see also Papasan v. Allain*, 478 U.S. 265, 277–78 (1986) ("*Young* has been focused on cases in which a violation

---

[6] Plaintiff actually requests the injunction on behalf of all inmates. Nevertheless, because Plaintiff does not have standing to raise a claim on behalf of all LOCI inmates, the undersigned will interpret his Complaint as requesting injunctive relief for himself. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that absent a request for certification of a class action the prisoner plaintiff lacked "standing to seek injunctive relief on behalf of all ODRC inmates").

[7] Although the moving Defendants have not actually raised the question of whether Eleventh Amendment immunity applies, the United States Court of Appeals for the Sixth Circuit has held that federal courts have authority to consider *sua sponte* whether the Eleventh Amendment bars suit because the question concerns the court's jurisdiction. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344-45 (6th Cir. 2009).

of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ."); *Oleynikova v. Beye*, No. 09-cv-01019, 2010 WL 5464151, at *7 (D. Colo. Dec. 29, 2010) ("[W]here a plaintiff seeks prospective injunctive relief against a state official in her official capacity under the *Ex parte Young* doctrine, the court can only redress ongoing violations, not past wrongs."). In applying this test, "[t]he focus of the inquiry remains on the allegations only; it 'does not include an analysis of the merits of the claim.' " *Brunner*, 548 F.3d at 474. (citation omitted).

    2.    Application

In this case, Plaintiff has failed to allege an ongoing violation of federal law. His lawsuit, therefore, does not fall under the *Ex parte Young* exception to Eleventh Amendment immunity. Plaintiff is ultimately seeking relief for prison officials' past actions. Although Plaintiff does request injunctive relief, he does not maintain that Defendants are continuing to subject him to the treatment that he contends violated his rights. Rather, Plaintiff states that the actions he complains of, the combination of being triple celled and forced to sleep on a mattress on the floor, occurred over a ten day period from October 22, 2010 until November 1, 2010.[8] (Compl.

---

[8] Plaintiff alleges that LOCI is still requiring other inmates to sleep on mattresses on the floor. (*See* Compl. ¶ 9, ECF No. 3.) As noted above, however, to the extent this allegation can be read as an attempt to assert an ongoing violation of federal law, Plaintiff does not have standing to enforce the rights of other inmates. *Dodson*, 304 F. App'x at 438.

Furthermore, although the undersigned recognizes that "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim," *Verizon*, 535 U.S. at 646, the Supreme Court also indicated in *Verizon* that a claim which is insubstantial and frivolous will not be sufficient for jurisdictional purposes. *Id.* at 643. At least one Court of Appeals has interpreted *Verizon* to mean that allegations that are insubstantial or frivolous will not satisfy the "ongoing violation" prong of the *Ex parte Young* inquiry. *In re Deposit Ins. Agency*, 482 F.3d 612, 618, 621 (2nd Cir. 2007) (stating, for the purposes of *Ex parte Young's* ongoing violation requirement, "[o]ur inquiry concerning such allegations is limited to whether the alleged violation is a substantial, and not frivolous, one; we need not reach the legal merits of

¶¶ 2–3, ECF No. 3.)  Furthermore, Plaintiff does not indicate that there has been ongoing indifference to his medical needs.  Instead, Plaintiff's Complaint suggests that the alleged indifference to his medical needs occurred only on two occasions.  (*Id.* at ¶ 4.)  Accordingly, Plaintiff cannot proceed with his claim for injunctive relief against the moving Defendants under the *Ex Parte Young* exception.  Therefore, to the extent Plaintiff asserts claims against the moving Defendants in their official capacities, Defendants have immunity from such claims under the Eleventh Amendment.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the Motion of Defendants Curtis Wingard, Stanley Taylor, and Mike Mickle to Dismiss (ECF No. 10) and **DISMISS** Defendants Curtis Wingard, Stanley Taylor, and Mike Mickle from this action.

## V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

the claim"); *see also Creusere*, 2009 WL 170667, at *4 (noting, in holding that a plaintiff failed to allege an ongoing violation of federal law, that the issues raised in the plaintiff's claim for injunctive relief did not implicate federal law or a constitutional interest).  Here, in addition to Plaintiff's lack of standing, federal case law following *Rhodes*, as outlined in Section III.A.1 above, establishes that a prisoner being forced to sleep on a mattress on the floor, without further deprivation or additional circumstances, does not in and of itself violate federal law.  For these reasons, the undersigned finds that Plaintiff's assertion that some inmates are still being forced to sleep on the floor, without further detail, does not rise to the level of a constitutional violation and, therefore, fails to satisfy the "ongoing violation" prong of the *Ex parte Young* inquiry.

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 28, 2011                                                                       /s/ *Elizabeth A. Preston Deavers*
                                                                                               Elizabeth A. Preston Deavers
                                                                                               United States Magistrate Judge