# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL DAUGHERTY,**

    Plaintiff,

v.

    Civil Action 2:10-cv-01069
    Judge Peter C. Economus
    Magistrate Judge E.A. Preston Deavers

**WARDEN DEBORAH TIMMERMAN-COOPER,** *et al.***,**

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Defendants Ernie Moore and Deborah Timmerman-Cooper for Judgment on the Pleadings. (ECF No. 23.) Relying heavily on the Court's June 28, 2011 Report and Recommendation, which recommended dismissal of Defendants Wingard, Taylor, and Mickley, the remaining Defendants contend that Plaintiff's Complaint fails to state a claim for relief and that they are entitled to Eleventh Amendment immunity.[1] For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Judgment on the Pleadings and **DISMISS** Defendants Moore and Timmerman-Cooper.

## I. BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, brings this action against Defendants Moore and Timmerman-Cooper alleging that they have violated his Eighth Amendment rights. The Court

---

[1] Defendants also assert that Plaintiff has failed to exhaust administrative remedies. Given the conclusion that Defendants are entitled to dismissal, the Court finds it unnecessary to reach this issue.

has previously described Plaintiff's allegations as follows:

> Plaintiff maintains that following a verbal altercation with Defendant Taylor, he was placed into a cell with two other inmates and forced to sleep on a mattress that was placed directly on a concrete floor for a ten day period. Plaintiff maintains that the above circumstances represented inhumane and intolerable living conditions. He contends that the special housing units to which the prison personnel assigned him were designed only for "double celling" inmates. Plaintiff further asserts that his 65 square foot cell, which he shared with two other inmates, failed to meet the space requirement standards set forth by the American Correctional Association ("ACA").
>
> Additionally, Plaintiff maintains that while sleeping on a mattress on the floor he developed arthritis in his back. According to Plaintiff, this led to back spasms that lasted four days. Plaintiff asserts that although he requested to see a nurse for his back pain on multiple occasions, the corrections officer on duty refused to call for medical assistance.
>
> Plaintiff contends that Defendants intentionally caused the conditions that led to the alleged constitutional violations. Plaintiff seeks declaratory and injunctive relief to prevent prison officials from "triple celling" inmates and forcing one of those inmates to sleep on the floor. Furthermore, he seeks monetary damages related to his back pain.

(Report & Recommendation 1–2, ECF No. 20.)

Plaintiff's Complaint is devoid of any allegations specifically directed at Defendant Moore, the former Director of the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff alleges that Defendant Timmerman-Cooper, the Warden of the London Correctional Institute, intentionally caused him to be subject to cruel and unusual punishment.

In February 2011, former Defendants Wingard, Taylor, and Mickley, moved to dismiss Plaintiff's claims for failure to state a claim and failure to exhaust administrative remedies. On June 28, 2011, the undersigned issued a Report and Recommendation, recommending dismissal of the former Defendants. The Report and Recommendation concluded that Plaintiff's claims failed against the moving Defendants in either their individual or official capacities. The Report and Recommendation was adopted on July 27, 2011 and Defendants Wingard, Taylor, and

Mickley were dismissed from this action.

Defendants Moore and Timmerman-Cooper filed their Motion for Judgment on the Pleadings on August 26, 2011. Plaintiff has failed to respond to Defendants' Motion.

## II. STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to

state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## III. ANALYSIS

Plaintiff's Complaint does not identify whether he brings his claims against Defendants in their individual or official capacities. Regardless of the capacity in which Plaintiff brings his claims, Plaintiff's claims ultimately fail.

As set forth above, the Court previously concluded that Plaintiff failed to state any conditions of confinement claims against Defendants Wingard, Taylor, and Mickley in their individual capacities. In assessing Plaintiff's condition of confinement claims against Defendants Moore and Timmerman-Cooper, the Court incorporates the legal authority and reasoning outlined in the prior Report and Recommendation. (*See* Report & Recommendation 4–11, ECF No. 20.) For the same basic reasons, Plaintiff's Complaint also fails to state conditions of confinement claims against Defendants Moore and Timmerman-Cooper in their individual capacities. As detailed in the previous Report and Recommendation, triple celling and being forced to sleep on a mattress on the floor do not, in and of themselves, demonstrate a deprivation of a basic human need. Furthermore, Plaintiff has failed to plead sufficient facts to

4

demonstrate that Defendants Moore or Timmerman-Cooper were aware that Plaintiff's conditions of confinement were causing him back pain. Finally, with regard to Plaintiff's medical indifference claim, he has failed to plead facts suggesting that Defendants Moore or Timmerman-Cooper were personally involved with the alleged refusal of medical care.

The Court also finds that to the extent Plaintiff is suing Defendants in their official capacities, his claims fail. Once again, the Court incorporates the discussion of these issues within the previous Report and Recommendation. (*See* Report & Recommendation 11–14, ECF No. 20.) To the extent Plaintiff seeks monetary damages, the Eleventh Amendment bars suit against Defendants Moore and Timmerman-Cooper, who are state employees. *See Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Additionally, as explained in the prior Report and Recommendation, to the extent Plaintiff seeks injunctive relief against Defendants Moore and Timmerman-Cooper under the *Ex parte Young* doctrine, he fails to allege that he is being subject to an ongoing violation of federal law.

## IV. CONCLUSION

It is **RECOMMENDED** that the Court **GRANT** the Motion of Defendants Moore and Timmerman-Cooper for Judgment on the Pleadings. (ECF No. 23.) It is further **RECOMMENDED** that the Court **DISMISS** Defendants Ernie Moore and Deborah Timmerman-Cooper and remove this action from the Court's pending case list.

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 17, 2011        /s/ *Elizabeth A. Preston Deavers*
                              Elizabeth A. Preston Deavers
                              United States Magistrate Judge